UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61913-BLOOM/Valle

FEDEX CORPORATE SERVICES,
INC.,

    Plaintiff,

v.

TRACI LYNN, INC. d/b/a TRACI
LYNN JEWELRY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Traci Lynn, Inc. d/b/a Traci Lynn Jewelry's Corrected and Renewed Motion to Vacate Default Final Judgment, ECF No. [18] (the "Motion"). The Court has carefully considered the Motion, all supporting and opposing filings, the relevant authority, and is otherwise duly advised. For the reasons that follow, the Motion is granted.

On August 16, 2018, Plaintiff initiated this lawsuit against Defendant. *See* ECF No. [1]. Defendant's former registered agent, Florida Filing & Search Services, Inc., was served with the Complaint on August 23, 2018. *See* ECF No. [7]. On September 26, 2018 the Clerk entered a Default against Defendant, and on October 9, 2018 the Court entered Default Judgment against Defendant. *See* ECF Nos. [10] and [14].

The instant Motion requests that the Court vacate the default judgment because Defendant's failure to timely respond to Plaintiff's Complaint is due to excusable neglect. According to the Affidavit of Traci Lynn Burton, the President of Traci Lynn, Inc., Defendant

was not made aware of this litigation until November 12, 2018. ECF No. [18-1] at ¶ 6. Until February 2018, Defendant's registered agent forwarded all legal documents that it was served with to Traci Lynn Burton's personal email address. ECF No. [20-1] at ¶ 3. However, in February 2018, Defendant's former employee, Karry Thompson, contacted Defendant's registered agent without authorization to request that all legal documents pertaining to Defendant be sent directly to his email address. ECF No. [18-1] at ¶ 4. For that reason, Defendant's registered agent sent the Summons and Complaint in the instant case to Mr. Thompson's email address. *Id.* at ¶ 5. Mr. Thompson never advised Traci Lynn Burton or any other of Defendant's employees of the Summons or Complaint. *Id.*

In Response, Plaintiff argues that Defendant has not demonstrated that it has established minimum procedural safeguards that would have ensured that Defendant would have received the Summons and the Complaint. Additionally, Plaintiff argues that Defendant has failed to provide proof that it has a meritorious defense to this action.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court may consider whether the defaulting party presents a meritorious defense and whether the default was culpable or willful. *Id.*

First, Defendant asserts that Plaintiff has filed suit against the wrong entity. Plaintiff's Complaint seeks money owed for freight services charged to two account numbers: 375135213 and 443794085. According to Traci Lynn Burton's Affidavit, the account number 443794085 belongs to Traci Lynn Fashion Jewelry, LLC, that is not a named defendant in this case. ECF No. [20-1] at ¶ 5. In contrast, Plaintiff claims that it has no record of ever doing business with Traci Lynn Fashion Jewelry, LLC. ECF No. [19] at ¶ 16. According to Plaintiff's affidavit, the legal name for Defendant in Plaintiff's database system is Traci Lynn, Inc. ECF No. [19-1] at ¶ 3. Attached to the Affidavit is a screenshot of the account information for Defendant in Plaintiff's database. ECF No. [19-2]. Plaintiff's affidavit states that the customer number for Traci Lynn, Inc. is 375135213. ECF No. [19-1] at ¶ 4.

At this stage, the Court considers whether Defendant's defense is "entirely devoid of merit." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008). Here, the screenshot showing Defendant's account information that Plaintiff references does not relate to the account number that Defendant declares belongs to Traci Lynn Fashion Jewelry, LLC. *See* ECF No. [19-2] (listing "Customer Number" as "375135213"). Nor does Plaintiff's affidavit otherwise refute Traci Lynn's Burton's sworn statement that Traci Lynn Fashion Jewelry, LLC began doing business with Plaintiff under account number 443794085 in September 2008. Because Defendant has a colorable argument, "this factor must weigh in favor of vacatur." *Id.*

Second, the Court concludes that Defendant's default was not culpable or willful. Defendant had established a process whereby its registered agent forwarded legal documents that it was served with to Defendant's president. Without authorization, Defendant's employee requested that such documents be sent to him directly, and subsequently failed to inform

Defendant of receiving the Summons and Complaint in this case. Defendant put in place minimum procedural safeguards for receiving legal pleadings, and defaulted due to the actions of a rogue employee. Because Defendant's conduct does not rise to the level of willfulness, and because it acted within a reasonable time to vacate the entry of default, this factor also weighs in favor of vacatur. *Longhini v. Hayday, Inc.*, No. 17-20330-CIV, 2017 WL 1401316, at *1 (S.D. Fla. Apr. 19, 2017). Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Defendant's Motion, **ECF No. [18]**, is **GRANTED**.

2. The Clerk's Default, **ECF No. [10]**, and the Default Final Judgment, **ECF No. [14]**, are **VACATED.**

3. The Defendants shall separately **FILE** its Response to Plaintiff's Complaint no later than December 28, 2018.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of December, 2018.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**